FILED

13 MAR -8 PM 1:57

[CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA]

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12cr3734-WQH |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MARTIN PAUL BEAN, III, | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant, MARTIN PAUL BEAN, III ("Defendant"), pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B) and Title 28, United States Code, Section 2461(c), as property derived from proceeds of the scheme to defraud through the use of the mails by making materially false statements that the oncology drugs Defendant was selling were lawful to import, sell and use in the United States, between on or about February 24, 2005 and on or about October 30, 2011, within the Southern District of California, in violation of 18 U.S.C. §§ 371, 1341 and 2; and

WHEREAS, on or about February 5, 2013, the Defendant, pled guilty before Magistrate Judge David H. Bartick to Count 1 of the Indictment, and on February 26, 2013, this Court accepted the guilty plea of Defendant, which plea included consent to

//

the criminal forfeiture allegations pursuant to Title 18 as set forth in Count 1 of the Indictment; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to take custody of the following property which was found forfeitable by the Court, namely:

> One 2004 Jaguar XJ, Florida License No. JF3IE, VIN SAJWA71C64SG19564; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following asset, and all right, title and interest of Defendant MARTIN PAUL BEAN, III in the following property are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

> One 2004 Jaguar XJ, Florida License No. JF3IE, VIN SAJWA71C64SG19564.

2. The aforementioned forfeited asset is to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: 3/7/13

WILLIAM Q. HAYES, Judge
United States District Court